IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY GOODMAN, JUDGE,<br><br>    Defendant. | No. C 07-3050 TEH (PR)<br><br>**ORDER DISMISSING COMPLAINT AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket Nos. 2, 4) |

Plaintiff, a prisoner of the State of California currently incarcerated at Kern Valley State Prison, in Delano, California, has filed a civil rights complaint against Alameda County Superior Court Judge Goodman, who presided over a habeas corpus petition filed there by Plaintiff. Plaintiff has filed two applications to proceed in forma pauperis, which are granted in a separate order filed simultaneously. Plaintiff's complaint asserts the same cause of action that he raised in a prior case before this Court: C 07-2022 TEH (PR) which was dismissed based on Defendant's immunity from suit. Therefore, the instant case is DISMISSED as duplicative of Plaintiff's earlier filed complaint.

## BACKGROUND

In his complaint, Plaintiff alleges that Superior Court Judge Goodman issued an order to show cause based on Plaintiff's allegations in his petition that a witness against him at his criminal trial had recanted his testimony from Plaintiff's trial and had provided

a declaration that he did so based on the district attorney's offer to reduce charges against him in another case. Plaintiff further alleges that after Judge Goodman issued an order to show cause on his habeas petition, the district attorney obtained another declaration from the witness again changing his testimony. Judge Goodman later denied the habeas petition after refusing to call the witness a hostile witness and Plaintiff complains that Judge Goodman was "acting as an accomplice to the Oakland Raiders" in denying his petition.

**ANALYSIS**

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

II    Legal Claims

A complaint that merely repeats pending or previously litigated claims may be dismissed under the authority of 28 U.S.C. § 1915. *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988). This action is duplicative of an earlier complaint filed in this Court that was previously dismissed based on judicial immunity and is therefore DISMISSED. As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000). As such, Plaintiff's complaint is

2

dismissed as duplicative and for failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and close the file.

SO ORDERED.

DATED:   11/28/07

_____
THELTON E. HENDERSON
United States District Judge